UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO A. PONDER, SR., | REPORT |
| Plaintiff, | and |
| v. | RECOMMENDATION |
| DAVID CLARKE, | 04-CV-698A(F) |
| M. DREWS, J. MEARA, L.M. PAUL, | |
| M. LUCAS, J. HARTMAN, SINDONI, | |
| M. KEARNEY, D. KIRIENZO, | |
| G. MONAHAN and ANTHONY F. ZON, | |
| Defendants. | |

APPEARANCES:   SERGIO A. PONDER, SR., *Pro Se*
Auburn Correctional Facility
Box 618
Auburn, New York   13024

ANDREW M. CUOMO
ATTORNEY GENERAL, NEW YORK STATE
Attorney for the Defendants
KIM S. MURPHY, Assistant Attorney General, of Counsel
107 Statler Towers
Buffalo, New York   14202

**JURISDICTION**

This matter was referred to the undersigned by the Hon. Richard J. Arcara on May 24, 2005 for determination of all pretrial matters pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  It is presently before the court on Defendants' motion to dismiss, filed July 13, 2006, based on Plaintiff's failure to comply with discovery requirements (Doc. No. 27).

## BACKGROUND

Plaintiff is an inmate incarcerated in the New York State Department of Correctional Services ("DOCS") and commenced this action *pro se* on August 31, 2004 by the filing of a complaint alleging that various Defendants of DOCS violated his rights under the Eighth and Fourteenth Amendments.  Specifically, Plaintiff states that Defendants subjected him to substandard living conditions in a cell with a shielded front for 60 days and also used excessive force in an unexplained incident causing Plaintiff to sustain injuries to his hands and neck.  Plaintiff states that Defendants denied him proper medical care for these injuries.

## PROCEDURAL BACKGROUND

Upon receipt of the order referring the matter to the undersigned, a Rule 16(b) hearing was scheduled for July 13, 2005.  Plaintiff did not appear for this conference but a letter was received July 13, 2005 stating that the parties conferred and proposed a case management order was set forth.  A Scheduling Order was filed July 15, 2005 (Doc. No. 20) setting a deadline for fact discovery for March 10, 2006.   On April 7, 2006, Defendant moved to compel medical authorizations from Plaintiff (Doc. No. 23). An order was filed on April 10, 2006 directing Plaintiff to respond to Defendants' motion not later than April 25, 2006 (Doc. No. 25).   With no response from Plaintiff, on May 17, 2006, Defendants' motion was granted and Plaintiff was directed to provide Defendants with signed authorizations for release of Plaintiff's medical records not later than June 16, 2006.  According to Defendants, Plaintiff failed to provide the authorizations as directed.

Defendants moved for dismissal of the action on July 13, 2006 based on Plaintiff's failure to provide requested discovery and for lack of prosecution (Doc. No. 27). By order filed July 21, 2006, this court directed Plaintiff's response to Defendants' motion to dismiss be filed not later than August 25, 2006 (Doc. No. 30). To date, no response has been filed by Plaintiff. The court notes that no mail has been returned as undeliverable.

By order filed December 13, 2006, (Doc. No. 32), Plaintiff was directed to show cause, not later than January 12, 2007, why this action should not be dismissed for failure to abide by this court's prior order. According to the record, Plaintiff was served with said order on December 13, 2006, by placing a copy of the order in the United States mail. To date, the Clerk's mail service has not been returned, and no response has been filed by Plaintiff.

## DISCUSSION

Based on the record, it is undisputed that Plaintiff has failed to prosecute the instant action as is his obligation. *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994) (action may be dismissed for plaintiff's failure to prosecute). Further, Plaintiff has, based on the court's order to show cause to which Plaintiff also failed to respond, been given fair notice that his failure to respond may result in dismissal of the action. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (dismissal of complaint with prejudice may be imposed even against *pro se* plaintiffs for failure to prosecute so long as plaintiff has been provided with warning). Accordingly, Defendants' motion to dismiss the action for failure to prosecute (Doc. No.

27) should be GRANTED.

                                          Respectfully submitted,

                                              /s/ *Leslie G. Foschio*

                                          LESLIE G. FOSCHIO
                             UNITED STATES MAGISTRATE JUDGE

Dated: February 5, 2007
        Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     February 5, 2007
           Buffalo, New York